E-FILED
Monday, 28 March, 2005 03:30:05 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA/DIVISION

**FILED**

MAR 25 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff-Respondent, | )<br>)<br>) |
| VS. | ) Case No. 2:96-CR-20015-001 |
| Donald Eugene: Nelson,<br>Defendant-Movant. | )<br>) 05-1096 |

MONTION FOR REDUCTION OF TERM OF IMPRISONMENT AS A RESULT OF
THE SUPREME COURT HAS RULE THAT THE SENTENCING GUIDELINES WERE UN-
CONSTITUTIONAL  & AND DEPRIVED A DEFENDANT OF HIS SIX
AMENDMENT RIGHT

IN SUPPORT WOULD SHOW THE FOLOWING TO-WRIT:

JURISDICTION

1. Jurisdiction was vested in the United States District Court for the Central District of Illinois Pursuant to 21 U.S.C. 841 (a)(1), Mr. Nelson having been named in a one count indictment charging him with distributed approximately 27.3 grams of a mixture of substance containing cocaine base (crack), a schedule II controlled substance, in viloation of Title 21, United states Code, Section 841 (a)(1).
2. The Honorable Michael M. Mihm, United States District Judge for the Central District of Illinois, Presided over Mr. Nelson Sentencing on August 23, 1996.  The judgment Commitment was filed on August 23, 19-96.
3. On August 23, 1996, the District Court Sentenced Mr. Nelson to 130 months in the Bureau of Prisons.  Mr. Nelson file a timely Notice of appeal.

FACTS

4. Defendant was convicted of distribution of cocaine base 27.3 grams (crack) 21 U.S.C. § 841 (a)(1) On August 23, 1996.
5. Booker invalidate the Guidelines both on a Sixth Amendment Jury trial violation as well as apprendi v. New Jersey, 530 U.S. 466,

147 L.Ed.2d 435, 120 S.Ct.2348 (2000) due process doctrine. Jointly those basis compel retroactivity. See, e.g. In re Winship, 397 U.S. 358; Ring v. Arizona, 536 U.S. 584; see,also United States v. Hernandez 137 F.Supp.2d 919-32 (N.D. Ohio 2001) rev'd in United State v.Luciano, 311 F.3d 146 (2nd Cir. 2002); and United States v. Murph, 109 F.Supp. 1059, 1064(D.Minn. 2000) rev'd in Murphy v. United states, 268 F.3d 599 (8th Cir. 2001). Therefore, Summerlin's reliance on De Stefano v. Woods, 392 U.S. 631, 20 L.Ed.2d 1380, 88 S.Ct. 2093 (1968) (per curium) (refusing to give retroactive effect to Duncan v.Lousisiana, 391 U.S.145, 20 L.Ed.2d 491, 88 S.Ct.1444 (1968)(applying Sixth Amendment jury trial guarantee to the states) to reject retroactivity is inconsequential to Book's retroactivity.

## CONCLUSION

Mr. Booker's and Mr. Fanfan's, by that statement the Supreme Court more likely made Booker retroactive to all cases.
   This is so because Booker's Sixth Amendment new rule simply "reaffirm[ed][its] holding in Apprendi: [that][a] fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id., STEVENS, J., Slip Opinion at 20. That rule is but a magnification of its In re Winship,397 U.S. 358, 25 L.Ed.2d 368 rule "that the Constitution protects every criminal defendant 'against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.
Because the Booker Sentencing Reform Act amendments did not change the Guidelines substantively but merely interpreted them as advisory instead of mandatory, such amendment is only a clarifying amendment necessarily retroactive. Not a Substansive change in the law.
So it may be applied Rotroactively.
Mr. Nelson was enhancement for relevant conduct from 27.3 grams of Base crack cocian to 54.6 grams.
Mr. Nelson was enhancement for old traffic ticket (Misdemeanor).
In Blakely, the Court held that portions of the State of Washington sentencing guidelines were unconstitutional because they deprived a defendant of his Sixth Amendment right "insist that the prosecutor prove to a jury all facts legally essential to the punsihment. in the instant case Nelson was Indicted and Nelson was sentence by the unconstitutional Sentencing guidelines which now the supreme Court has rule that the sentencing guidelines were unconstitutional.
Premises considered, Nelson Prays that this Court Issue an order granted Nelson Consideration in light of Blakely and its Progeny. and any other such order or relief the Court deem just and necessary.
Please view Nelson Motion in light of Haines v. Kerner, 404 U.S,519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

CERTIFICATE OF SERVICE

I Donald Eugene: Nelson, do certify that I have mailed First Class, via U.S. Postal service, Postage Prepaid, a true and correct copy of the forgoing Motion for reduction of sentence in light of Blakely to the following parties:

To: John M. Waters, Clerk of Court, United states District Court, 201 South Vine Street, Urbana, Illinois 61801.

Assistant U.S. Attorney, Bruce S. Colins, 201 South Vine Street, Urbana, Illinois 61801.

This __23__ day of __March__ 2005.

Respectfully Submitted

Without Prejudice UCC1 207

Donald Eugene: Nelson, c/o 10785-026
Marion Federal Prison Camp
P.O. Box 1000, Marion, Illinois 62959