E-FILED
Monday, 28 March, 2005   03:36:10 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA/DIVISION

**FILED**

MAR 25 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

UNITED STATES OF AMERICA, )
    Plaintiff-Respondent, )
)
VS. ) Case No. 2:96-CR-20015-001
)
Donald Eugene: Nelson, ) 05-1097
    Defendant-Movant. )
)

### AFFIDAVIT OF DEFENSE IN SUPPORT OF MOTIONS FOR REDUCTION OF TERM OF IMPRISONMENT

COME NOW, inmate Donald Eugene: Nelson, with Reg. No. 10785-026, and hereby submits this affidavit of defense in support of prisoner Motion(s) for reduction of term of imprisonment.

On August 23, 1996. I was sentence to the Federal Bureau of prisons by this Court and by the Honorable Judge Michael M. Mihm to a term of 130 months, 5 years Supervision, $3,000 Fines, $2,700 Restitution, with a Projected Release date 08/19/2005 GCT Release, and a February 19, 2005, 10% Release date which would allow me six (6) months Half-Way House Placement.

As of present I have served a term of 108 months and a few days of my full term Setence of a 130 months. As of my release date August 19, 2005. I would have served the full term of my sentence with the exception of 17 months off a 130 months Sentence.

   I was transferred to FPC, Florence On 02/20/2004, for Participation in the Residential Drug Abuse Program, which would give Nelson Eligibility for early release. See Attached Exhibit "A", upon interview with Deborah Bradfield, B.S.W, BOP Florence Staff. I was asked the question what would I get from the drug program. I stated that I did not have a drug problem but I did have a Alcohol Dependence, and the drug program would help me with my alchol problem and it would also help me to be a drug Counselor to help other when I am release. Three days from this interview my statement was Construed by BOP Staff and I was expelled from the drug program. By the abused and discretion of BOP Staff denying me admission to the RDAP was unreasonable and arbitrary and a abuse of BOP's discreation See Mitchell v. Andrews, 235 F. Supp. 2d 1085 (E.D. CA 2001). See Kuna v. Daniel, 234 F.Supp. 2d 1168 (D.OR 2002). Petition was granted and the Court found Kuna was eligible for Sentence reduction upon Completion of the drug treatment program. In my case I was not given the opportunity to participate in the drug treatment program. And was returned to Marion FPC On July 30, 2004. On 12/02/2004, I completed the Unit Pre-Release program offered at FPC Marion. This program discussed the topic of release plans, needs & resources and 10% release procedures and I was encouraged to participate in the inmate Financial Responsibility program, which I have been for some years now. See attached Exhibit. Also I have not lost no good time days out from the 108 months that I have already served . However the Staff here at Marion only give me 30 days of CCC placement.

Because of Complaint(s) I have filed against the BOP. I was eligible for transfer to a (CCC) On February 19, 2005. Which would be with the application of good time Credits. See Attached Response of Inmate Request for 180 days halfway house placement. Mark Exhibit "B". I have been denied the Six Months 10% CCC placement. See attached Exhibit Mark "C". And I was also denied Home Confinement Placement.

Accordingly 18 U.S.C.A. §§ 3621 (B), 3624 (c). Statute providing that "Bureau of Prisons Shall to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed Six Months, of the last ten per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the Community.

All other inmates at marion Prison Camp has received their Six Months Half-Way House. Therefore, I should have been treated likewise. Since I been incarceration my health has deteriorated from Hight Blood pressure, Sinusltis inflammation, Asthma, Dental problem, and a deterioration of my Left Lung which all are Serious medical need and need Medical attention which is not available in the BOP Because of Costs. Where is on the street I could obtain the proper medical treatment that needed. Therefore, Based on the forgoing facts set forth herein would you please consider the Circumstances that I am up against and grant the relief Sought in the Motion(s). See Exhibit Mark "E". If I would have went to the drug program on this date o3/05/03 to Yonkton SD, I would have been released on or about 03/05/2004.

Without Prejudice

_Donald Eugene Nelson_ 10785-026
........................... Affiant

ACKNOWLEDGMENT

As a Notary Public for Said County and State, I do hereby certify that this 23 day of March, 2005 that Donald Eugene Nelson, the above mentioned, appeared before me and executed the foregoing. Witness my hand and Seal:

B. Myers    3/23/05  Seal
Notary Public

Official Seal
Barry Myers
Notary Public State of Illinois
My Commission Expires 03/14/06

Page 2 of 1
END

** LIMITED OFFICIAL USE **

UNITED STATES GOVERNMENT
MEMORANDUM
USP, MARION

Date: September 10, 2002

From: RICHARD URBANIK, PH.D.
CHIEF PSYCHOLOGIST

Subject: RDAP RECOMMENDATION
NELSON, DONALD  Reg #: 10785-026

To: Unit Team


I am recommending inmate Donald NELSON for placement in the 500-hour Residential Drug Abuse Program. Information from his Presentence Report, Judgment and Commitment Order and Eligibility Interview has been reviewed. He has been diagnosed with Alcohol Dependence (303.90) per the DSM-IV. His Case Manager has indicated his present offense is not one that would preclude him from early release consideration nor does he have a history of violence. If he successfully completes the program, transitional services and six-months placement in a Community Corrections Center, he should be eligible for early release consideration. He has a projected release date currently scheduled for August 19, 2005, which is about 35 months away. His RDAP referral packet will be provided to his Unit Team when he is about 30 months from the above date.

Exhibit A

**REQUEST FOR ADMINISTRATIVE REMEDY**

**Part B-RESPONSE**     MAR-367932-F1
**NELSON, Donald 10785-026**

This is in response to your Request for Administrative Remedy receipted February 23, 2005, wherein you request 180 days halfway house placement.

An investigation completed based on your request reveals you are eligible for 180 days placement in a Community Corrections Center. However, due to bed space at the contract facility, the amount of time you will reside at their facility was reduced to 32 days. Unfortunately the Bureau of Prisons does not dictate nor can it control issues such as bed space and the influx of releasing inmates into the Prairie Center Community Corrections Center in Champaign, Illinois.

Fortunately, you have been given the opportunity to reside at their facility for 32 days to allow you to acclimate yourself to living in the community and to obtain employment. It is hoped you will view your placement as an opportunity, regardless of the amount of time you were given, and use it to your advantage.

Therefore, your Request for Administrative Remedy has been addressed.

3-1-05
Date

Randy J. Davis, Warden

Exhibit "B"



**U.S. Department of Justice**

Federal Bureau of Prisons

*North Central Regional Office*

---

*Tower II, 8th Floor*
*400 State*
*Kansas City, KS 66101-2421*

March 4, 2005

Donald Eugene Nelson
Reg. No. 10785-026
Federal Prison Camp
P.O. Box 1000
Marion, Illinois 62959

Dear Mr. Nelson:

This is in response to your recent letter requesting a six month CCC placement.

There is an indication you are in the process of making this request through the Administrative Remedy Program. If you are not satisfied with the warden's response to your complaint, you may continue the appeal process to the Regional Office. You have presented insufficient justification to warrant a review of your complaints prior to your appropriate compliance with the Administrative Remedy Program.

Sincerely,

Troy Allen
Assistant Correctional Programs
Administrator



Exhibit "C"

PAGE NO: 001

INMATE FINANCIAL CONTRACT

REGISTER NUMBER: 10785-026
INMATE NAME....: NELSON, DONALD E
FACILITY.......: MARION USP

A STAFF MEMBER HAS PROVIDED ME WITH INFORMATION REGARDING THE POTENTIAL
CONSEQUENCES OF A REFUSAL ON MY PART TO PARTICIPATE IN THE INMATE FINANCIAL
RESPONSIBILITY PROGRAM.

I AGREE TO SUBMIT PAYMENTS TOWARD SATISFACTION OF THE FINANCIAL OBLIGATION(S)
INDICATED ON THIS FORM IN ACCORDANCE WITH THE PAYMENT PLAN OUTLINED BELOW. I
AGREE TO FOLLOW THIS PAYMENT PLAN UNTIL THE FINANCIAL OBLIGATION(S) IS
SATISFIED.

I FURTHER UNDERSTAND THAT THE PAYMENT CONTRACT WILL AUTOMATICALLY STOP AND NO
FUNDS WILL BE WITHDRAWN FROM MY ACCOUNT IN THE EVENT THAT I AM PERMANENTLY
RELEASED FROM MY PRESENT INSTITUTION OF CONFINEMENT. IN THE EVENT THAT I AM
RELEASED PURSUANT TO A WRIT (INCLUDING A REQUEST FOR TEMPORARY CUSTODY
PURSUANT TO THE INTERSTATE AGREEMENT ON DETAINERS) THE CONTRACT WILL NOT
TERMINATE UNLESS I NOTIFY UNIT STAFF THAT UPON COMPLETION OF ANY
PAYROLL/DEDUCTION CYCLES IN PROGRESS AT THE TIME I LEAVE THE INSTITUTION I
WISH THE CONTRACT TO TERMINATE.

PAYMENT METHOD...: AMT/PCT: $25.00   FREQ: QU   ORIGIN: TF
START CYCLE.....: 12/04
INMATE DECISION..:
OBLIGATION NUMBER: 23 __ __ __ __ __ __ __ __ __ __ __
__ __ __ __ __ __ __ __ __ __ __

INMATE SIGNATURE......: Without Prejudice UCC1-207
                        Donald Eugene: Nelson    DT SIGNED: 10/30/04

STAFF WITNESS SIGNATURE: [signature]    DT SIGNED: 10/30/04

[Exhibit]

September 4, 2004

```
MARRV                         PROGRAM REVIEW REPORT              *     09-04-2004
PAGE 001                                                               15:10:01

INSTITUTION: MAR   MARION USP

NAME.......: NELSON, DONALD E                         REG. NO: 10785-026
RESIDENCE..: CHAMPAIGN, IL 60435

TYPE OF REVIEW......: INITIAL CLASSIFICATION/PROGRAM REVIEW
NEXT REVIEW DATE....:   09-04-04

PROJ. RELEASE DATE..: 08-19-2005          RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE                HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW:  3/10/05       DETAINERS (Y/N): N

CIM STATUS (Y/N)....: Y            IF YES, RECONCILED (Y/N):  Yes

PENDING CHARGES.....:  None noted

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B)  (Y/N)....: Yes
   IF YES - CIRCLE ONE - (DRUG TRAFFICKING)/CURRENT VIOLENCE/PAST VIOLENCE

CATEGORY      - - - - - - -  CURRENT ASSIGNMENT - - - - - - - -   EFF DATE    TIME

CMA           CF REMOVAL     COMMON FARE PROGRAM REMOVAL          02-25-1997  1049
CMA           PROG RPT       NEXT PROGRESS REPORT DUE DATE        08-19-2004  1542
CMA           RPP COMPLT     RELEASE PREP PGM COMPLETE            07-19-2003  0805
CMA           RPP UNT C      RELEASE PREP UNIT PGM COMPLETE       07-31-2004  0851
CMA           V94 CDA913     V94 CURR DRG TRAF ON/AFT 91394       10-17-1996  1511
CUS           OUT            OUT CUSTODY                          03-07-2004  0813
DRG           DAP DECL       RESIDENT DRUG TRMT DECLINED          03-17-2004  0818
DRG           DRG E COMP     DRUG EDUCATION COMPLETED             08-03-2000  1117
DRG           DRG I NONE     NO DRUG INTERVIEW REQUIRED           10-17-1996  1501
DRG           NR COMP        NRES DRUG TMT/COMPLETE               08-25-2003  1700
EDI           ESL HAS        ENGLISH PROFICIENT                   09-17-1996  1310
EDI           GED EN         ENROLL GED NON-PROMOTABLE            04-06-2004  0001
FRP           EXEMPT TMP     FINANC RESP-TEMPORARILY EXEMPT       07-31-2004  0906
LEV           MINIMUM        SECURITY CLASSIFICAT'N MINIMUM       08-21-2001  0941
MDS           REG DUTY       NO MEDICAL RESTR--REGULAR DUTY       02-20-2004  0937
MDS           YES F/S        CLEARED FOR FOOD SERVICE             02-20-2004  0937
QTR           J10-019L       HOUSE J/RANGE 10/BED 019L            07-30-2004  2348
RLG           PROTESTANT     PROTESTANT                           11-01-2000  1652
WRK           MED UNAS C     MEDICAL UNASSG CAMP                  08-24-2004  0912
```

WORK PERFORMANCE RATING:  Medical Unassigned

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW:  N/A

FRP PLAN/PROGRESS:  Temp Exempt — due to lack of funds. no 6 mo dep

Exhibit "D"