## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 05-1096 |
| DONALD EUGENE NELSON, | ) |
| Defendant. | ) |

## O R D E R

This matter is before the Court on Defendant, Donald Nelson's, "Motion for Reduction of Term of Imprisonment as a Result of the Supreme Court Has Rule [sic] that the Sentencing Guidelines Were Unconstitutional & and [sic] Deprived a Defendant of His Six [sic] Amendment Right", which the Court construes as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Motion [#1] is DISMISSED.

### Background

On May 23, 1996, Nelson entered a guilty plea pursuant to a written plea agreement to charges of distribution of cocaine base. On August, 23, 1996, this Court sentenced Nelson to a term of 130 months' imprisonment, a $3,000.00 fine, and $2,700.00 in restitution. Although he waived his right to appeal and pursue collateral relief pursuant to § 2255 in ¶ 10 of the written plea agreement, Nelson did attempt to pursue a direct appeal in the Seventh Circuit Court of Appeals. The appeal was dismissed on July 1, 1997.

On July 2, 1998, Nelson filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. In his Motion, Nelson attempted to collaterally attack his conviction based on a sufficiency of the evidence argument and further claimed that he received ineffective assistance of counsel at sentencing and on appeal. His Motion was denied on August 21, 1998, and the denial was affirmed on appeal.

Nelson now attempts to take another bite at the apple. Although he has styled his pleading as a "Motion for Reduction of Term of Imprisonment as a Result of the Supreme Court Has Rule [sic] that the Sentencing Guidelines Were Unconstitutional & and [sic] Deprived a Defendant of His Six [sic] Amendment Right," a preliminary review of the Motion reveals that he is actually attempting to bring a collateral attack on his 1996 sentence. Such an attack on his federal sentence and underlying conviction can only be brought pursuant to 28 U.S.C. § 2255. Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). Therefore, the Court will construe Nelson's pleading as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (April 24, 1996) (the "Act"), amended the provisions of 28 U.S.C. § 2255 by adding the following language:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.  As amended, § 2244(b)(3)(A) now requires the applicant to "move in the appropriate court of appeals for an order authorizing the district court to consider the application" prior to filing a second or successive application in the district court.

The instant motion is Nelson's second petition for habeas corpus pursuant to § 2255 in response to his 1996 conviction for distribution of cocaine base.  However, Nelson has failed to obtain an order from the Seventh Circuit Court of Appeals authorizing this Court to consider this application.  Before this Court is able to consider his motion, he must obtain such order from the Seventh Circuit Court of Appeals.

## Conclusion

Accordingly, for the reasons set forth above, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 [#1] is DISMISSED for lack of jurisdiction.  This case is terminated.

ENTERED this 4th day of April, 2005.

s/ Michael M.  Mihm
Michael M. Mihm
United States District Judge
